Michael I. Katz (CA State Bar No. 181728)
  email: mkatz@mabr.com
L. Rex Sears (CA State Bar No. 294533)
  email: rsears@mabr.com
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT PLLC
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:   (949) 453-1104

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SOFTKETEERS, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>REGAL WEST CORPORATION d/b/a REGAL LOGISTICS, a Washington corporation; VU HO INC., THAI TRAN INC., and DON MAI INC., California corporations; and RAND NEEVES, VU HO, THAI QUOC TRAN, DON MAI, and TRUNG NGOC DOAN, individuals,<br><br>Defendants. | Case No. 8:19-cv-00519 JVS (JDEx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>HON. JAMES V. SELNA<br>UNITED STATES DISTRICT JUDGE<br>SANTA ANA, COURTROOM 10C<br><br>Hearing Date: April 29, 2019<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Courtroom 10C |

This Court, having considered the parties' briefing, declarations, exhibits, and oral argument heard on April 29, 2019, in connection with plaintiff Softketeers, Inc.'s Motion for Preliminary Injunction ("Motion"), and finding good cause shown, hereby GRANTS plaintiff's Motion, as follows:

FINDINGS:

1. Defendants Regal West Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Don Mai Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Don Mai, and Trung Ngoc Doan's ("Defendants") have performed and continue to perform work on and modify certain warehouse management software that is owned exclusively by plaintiff Softketeers Inc.;

2. Softketeers has eight (8) registrations for copyrights that cover various pieces of Softketeers' software, and Softketeers is likely to prevail on its claim that this ongoing work on Softketeers' software infringes Softketeers' copyrights in the software;

3. Softketeers has maintained the secrecy of its source code for the software by providing Regal with only a copy of the executable code and not the source code itself, limiting access to the source code to only those employees who required access, and having employees enter into confidentiality agreements;

4. Defendants have necessarily obtained access to Softketeers' source code in order to continue to work on and modify Softketeers' software;

5. Softketeers' source code has obtained economic value by not being readily ascertainable to others, including Regal and Softketeers' past customers;

6. Softketeers is likely to prevail on its claim that Defendants misappropriated its trade secrets by obtaining access to Softketeers' source code, and by using and working on the code without Softketeers' permission;

7. Defendants' continued use and modification of Softketeers' software and source code has caused or is likely to cause injury to Softketeers because it (a) threatens Softketeers with bankruptcy, (b) erodes Softketeers' goodwill

| | | |
|---|---|---|
| 1 | | and relationships with actual and prospective customers, and (c) threatens |
| 2 | | the loss of Softketeers' title to and control over its software. |
| 3 | 8. | The balance of equities tilts in Softketeers' favor because the hardship to |
| 4 | | Softketeers is great and any hardship to Defendants from being enjoined does not |
| 5 | | merit equitable consideration; and |
| 6 | 9. | The public interest in vindicating intellectual property rights will be served |
| 7 | | by enjoining the Defendants. |

ORDER:

Defendants Regal West Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Don Mai Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Don Mai, and Trung Ngoc Doan ("Defendants") and their respective officers, agents, servants, employees, successors, and those persons in active concert or participation with them who receive notice of this order, where applicable, are ORDERED, pendente lite:

1. Not to disclose or use source code, including by modifying or compiling source code, either acquired or derived from code that was acquired, directly or indirectly, from Softketeers, including, but not limited to, any source code for software known or formerly known as Warehouse Management Software ("WMS"), WMS Services, RF Systems ("RFS"), MyWMS (a/k/a "MyRegal"), Transportation Management Software ("TMS"), and/or Yards Management System ("YMS"; collectively with WMS, WMS Services, RFS, MyWMS, and TMS, "Software"), or any portion or derivative thereof;

2. To deliver up for impounding all media in their custody, possession, or control of on which copies of any source code is stored for Software, or any portion or derivative thereof, including, but not limited to: any server associated with the URLs tfs.regallogistics.com or regal56:8080/tfs, the TFS server identified as Regal56, and any media whose directory structure includes the path Regal15x\E\Thai-Develop;

3. To (a) permanently delete or otherwise destroy any copies of any Software source code or any portion thereof under their control that are stored on media they are unable to surrender; and (b) provide a complete inventory, under oath and penalty of perjury, of all copies of any Software known to them that are not subject to impound or deletion; and

4. To verify, under oath and penalty of perjury, the fact and manner of their compliance with the foregoing provisions within 15 days of the entry of this Order.

This preliminary injunction is effective as of the date of entry and service of this Order upon defendants.

DATED this 8th day of May, 2019.

_____
United States District Judge James V. Selna