# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTKETEERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REGAL WEST CORPORATION dba REGAL LOGISTICS, <br> VU HO INC., <br> THAI TRAN INC., <br> DON MAI INC., <br> RANDY NEEVES, <br> VU HO, <br> THAI QUOC TRAN, <br> DON MAI, <br> TRUN NGOC DOAN, and <br> DONG BAO PHAM, <br><br> Defendants. | Case No. 8:19-CV-00519-JWH (JDEx) <br><br> **CORRECTED ORDER GRANTING MOTION TO RECONSIDER ORDER GRANTING PARTIAL SUMMARY JUDGMENT** <br> **[ECF No. 649]** |

REGAL WEST CORPORATION
    d/b/a REGAL LOGISTICS, a
    Washington corporation;
VU HO INC., a California corporation;
THAI TRAN INC., a California
    corporation;
DON MAI INC., a California
    corporation;
RANDY NEEVES, an individual;
VU HO, an individual;
THAI QUOC TRAN, an individual;
DON MAI, an individual;
TRUNG NGOC DOAN, an individual;
    and
DONG BAO PHAM, an individual,

| | |
|---|---|
| 1 | Counterclaimants, |
| 2 | |
| 3 | v. |
| 4 | SOFTKETEERS, INC., a California corporation, and |
| 5 | MINH KHAI NGUYEN, an individual, |
| 6 | Counterdefendants. |

Before the Court is the motion[1] of Plaintiff Softketeers, Inc. to clarify and reconsider the Court's Order granting partial summary judgment.[2]  For the reasons discussed below, the Court **GRANTS** the Motion.

### I.     BACKGROUND

The Court assumes that the parties are familiar with this case's voluminous factual and procedural history, and, therefore, it relates only those portions critical to the instant Motion.

On June 6, 2019, Softketeers filed a First Amended Complaint against Regal West Corporation, Vu Ho Inc., Thai Tran Inc., Don Mai Inc., Randy Neeves, Vu Ho, Thai Tran, Don Mai, Trung Doan, and Dong Pham (collectively, "Defendants") alleging six claims for relief:  (1) copyright infringement; (2) federal trade secret misappropriation; (3) California trade secret misappropriation; (4) breach of contract; (5) tortious interference ; and (6) quantum meruit.[3]  Softketeers asserted the first three claims against all Defendants.

On June 8, 2020, the Court granted summary judgment in favor of Defendants regarding Claims 4 and 5 of the FAC.[4]  Defendants then moved for

---

[1]     Pl.'s Mot. to Clarify and Reconsider Order Granting Partial Summ. J. (the "Motion") [ECF No. 649].

[2]     Order Regarding Mot. for Partial Summ. J. (the "September 2020 Summary Judgment Order") [ECF No. 639].

[3]     First Am. Compl. (the "FAC") [ECF No. 101].

[4]     Order Regarding Mot. for Summ. J. [ECF No. 530].  More than two months earlier, on March 27, 2020, McDermott Will & Emery LLP withdrew from its representation of Don Mai and Don Mai, Inc.  See Order Granting Second Ex Parte Application to Withdraw from Representation [ECF No. 387]. On June 26, 2020, the Court entered default against Don Mai and Don Mai, Inc. See Order Regarding Mot. to Strike [ECF No. 597].

partial summary judgment on Claims 1, 2, and 3 on May 11, 2020.[5] Softketeers opposed on May 18, 2020,[6] and Defendants replied on May 22, 2020.[7]

On August 13, 2020, the Court promulgated a tentative ruling on the Summary Judgment Motion.[8] Five days later Softketeers filed a request for oral argument in which it advanced various reasons it believed that a hearing was necessary.[9] The next day, the Court ordered supplemental briefing from Defendants,[10] which Defendants provided on August 21, 2020.[11] On September 14, 2020, without holding a hearing, the Court (Selna, J., presiding) granted partial summary judgment in favor of Defendants on Claims 1, 2, and 3 of the FAC, holding that Defendant Regal had "established a co-ownership interest in" portions of the source code at issue in this case.[12] On September 25, 2020, the case was transferred to the undersigned judicial officer.[13]

On October 16, 2020, Softketeers filed the instant Motion, alleging that the September 2020 Summary Judgment Order should be reversed because the Court disregarded Softketeers' lack of intent for joint authorship or, in the alternative, should be limited to certain programs. Defendants opposed on

---

[5] Defs.' Mot. for Partial Summ. J. (the "Summary Judgment Motion") [ECF No. 480] (sealed version at ECF No. 484-1).
[6] Pl.'s Opp'n to Defs.' Mot. for Partial Summ. J. (the "Summary Judgment Opposition") [ECF No. 492-1] (sealed version at ECF No. 498).
[7] Defs.' Reply in Supp. of Defs.' Mot. for Partial Summ. J (the "Summary Judgment Reply") [ECF No. 504] (sealed version at ECF No. 508-1).
[8] Motion at 4:27-5:7; see Tentative Order Regarding Mot. for Partial Summ. J. (the "Tentative Order") [ECF No. 649-1].
[9] Pl.'s Req. for Oral Argument (the "Oral Argument Request") [ECF No. 630].
[10] Order Regarding Hearing Req. [ECF No. 632].
[11] Defs.' Opp'n to Oral Argument Request (the "Oral Argument Opposition") [ECF No. 635].
[12] Motion at 5; September 2020 Summary Judgment Order at 10.
[13] Order of the Chief Judge [ECF No. 640].

October 23, 2020,[14] and Softketeers replied on October 30, 2020.[15] The Court conducted a hearing on the Motion on November 13, 2020.[16]

## II. FACTS

The FAC alleges the following facts: Plaintiff Softketeers is a California software corporation incorporated in 1997 by Minh Khai Nguyen, a software developer and its CEO and sole shareholder.[17] Randy Neeves is the Vice President of Defendant Regal, a Washington corporation with offices and warehouses in California.[18] Regal provides asset-based third-party logistics services that support the interstate distribution of goods.[19]

In 2000, Regal hired Softketeers to develop comprehensive Warehouse Management Software ("WMS") under an oral agreement, the terms of which are now disputed.[20] This case concerns whether that oral agreement granted Regal ownership of that source code or merely a license to use it.

Softketeers has since developed several software products for Regal, including Transportation Management Software ("TMS"), Yards Management System ("YMS"), and several apps.[21] Softketeers registered copyrights in these works.[22] Softketeers has continued to maintain that software for Regal, but it has not delivered the source code.[23] On February 1, 2019, Regal terminated its

---

[14] Defs.' Opp'n to Pl.'s Motion to Reconsider (the "Opposition") [ECF No. 653].
[15] Pl.'s Rep. in Supp. of Motion to Reconsider (the "Reply") [ECF No. 655].
[16] *See* Mins. of Video Hr'g Re: Mot. to Clarify and Recons. Order Granting Partial Summ. J. [ECF No. 657].
[17] FAC ¶¶ 1, 16, & 17.
[18] *Id.* ¶¶ 7 & 8.
[19] *Id.* ¶ 18.
[20] Id.
[21] *Id.* ¶ 23.
[22] *Id.* ¶ 29.
[23] *Id.* ¶¶ 30, 31, 40, & 41.

contract and refused to pay Softketeers' final invoice for software maintenance.[24]

The Court found the following facts in its September 2020 Summary Judgment Order: The software in contention in this case consists of 11 works, of which four are at issue in the instant motion—WMS Visual Basic 6.0; portions of WMS written in the programming language VB.NET; YMS; and TMS.[25] Phong Nguyen, a Regal employee, worked on WMS and TMS; developed a 24-line procedure in WMS; worked on the initial development of YMS; and received instructions from Randy Neeves.[26] Phong Nguyen's name appears in the source code, corroborating his declaration that he authored parts of that code.[27]

### III. LEGAL STANDARD FOR MOTIONS FOR RECONSIDERATION

A district court may reconsider a grant of summary judgment under either Rule 59(e) of the Federal Rules of Civil Procedure (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), reconsideration may be appropriate where the movant demonstrates the existence of: (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *School Dist. No. 1J*, 5 F.3d at 1262. Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) satisfaction of

---

[24] *Id.* ¶ 32.
[25] September 2020 Summary Judgment Motion at 6.
[26] *Id.* at 7 & 10.
[27] *Id* at 9.

judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263. Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its prior decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party may make a motion for reconsideration of *any* court order:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

## IV. DISCUSSION

### A. Propriety of Procedural Vehicle of Reconsideration

Softketeers seeks reconsideration under L.R. 7-18(c)—"a manifest showing of a failure to consider material facts presented to the Court before such decision."[28] Softketeers alleges that the material fact that the Court overlooked

---

[28] Motion at ii.

-7-

earlier is Defendants' purported failure to establish that Softketeers *intended joint* authorship.[29] Defendants respond with the assertion that Softketeers has not met the standard for a motion for reconsideration.[30] Softketeers has the better argument here; it sufficiently identifies an allegedly overlooked material fact, which justifies this Motion.

Softketeers does not identify Rule 59(e) or Rule 60(b) as the basis for its instant Motion. However, Rule 60(b) allows for reconsideration upon a showing of any reason justifying relief. The L.R. 7-18(c) standard—"a manifest showing of a failure to consider material facts"—falls within that category and satisfies Rule 60(b). The Court finds this Motion proper under Rule 60(b) as well as L.R. 7-18(c), and, therefore, it will consider the substance of Softketeers' instant Motion.[31]

### B. <u>Intent Requirement for Joint Authorship</u>

Under copyright law, "[a] 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. "[J]oint authorship requires each author to make an independently copyrightable contribution." *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 521 (9th Cir. 1990). The Ninth Circuit has

> set forth three criteria for determining whether a work is jointly authored under § 101. First, we determine whether the putative coauthors made objective manifestations of a shared intent to be

---

[29] Reply at 2:19-3:16.
[30] Opposition at 4:2-6:6.
[31] The Motion alleges other alleged failures in the September 2020 Summary Judgment Order, but at oral argument counsel clarified that the key unconsidered fact is Softketeers' lack of *intent* of co-authorship. Therefore, this Order focuses its analysis on that question alone. To the extent that Softketeers alleges other errors in the September 2020 Summary Judgment Order, the Court finds that those allegations do not satisfy the L.R. 7-18 standard.

> coauthors. A contract evidencing intent to be or not to be coauthors is dispositive. Second, we determine whether the alleged author superintended the work by exercising control. Control will often be the most important factor. Third, we analyze whether the audience appeal of the work can be attributed to both authors, and whether the share of each in its success cannot be appraised.

*Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008) (internal citations and alterations omitted). The plain language of this test suggests that all three factors must be met.[32]

Intent is a factual question: "A contract evidencing intent to be or not to be coauthors is dispositive. In the absence of a contract, we look to other objective evidence of intent." *Id.* at 969 (citations omitted). Courts look for "objective manifestations because, were the mutual intent to be determined by subjective intent, it could become an instrument of fraud, were one coauthor to hide from the other an intention to take sole credit for the work." *Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000). Courts are often reluctant to find these objective manifestations of intent in the absence of clear contractual language. In *Aalmuhammed*, the Ninth Circuit found that the plaintiff, a religious scholar, was not a co-author of Warner Brothers' movie *Malcolm X* where (1) no party had made any objective manifestation of an intent to co-author; (2) Warner Brothers, not the director Spike Lee, was the author; and (3) Lee, a non-author, controlled the plaintiff's contributions. *Id.* at 1235. In *Richlin*, the Ninth Circuit similarly construed murky contractual language as failing to evince the requisite intent for co-authorship. *Richlin*, 531 F.3d at 969.

---

[32] The September 2020 Summary Judgment Order determined that the third factor applies in the film and television context; it is not relevant here. *See* September 2020 Summary Judgment Order at 10.

C. **History of the Parties' Dispute over the Manifestation of Intent**

In their original Summary Judgment Motion, Defendants argued that "Regal is a co-owner of any copyrights in the software." Defendants cited the definition of joint authorship and carefully detailed the facts underpinning their allegations that Phong Nguyen wrote portions of the Source Code. However, Defendants made no legal or factual arguments concerning *joint intent*.[33] In its Summary Judgment Opposition, Softketeers identified this failure and pointed out that in the creation of the 24-line program, "there are no objective manifestations of a shared intent to jointly author anything."[34]

In their Summary Judgment Reply, Defendants contended that the intent requirement of joint authorship is satisfied. Defendants averred that software developers from each company "wrote source code with the undisputed intention that [the source code] would be merged into the collected body of source code."[35] According to Defendants, this conduct "objectively reflect[ed] everyone's understanding that the custom software suite was an intentionally interdependent whole with everyone contributing to it."[36] Defendants argued, in other words, that the software developers manifested an intent for the distinct products to fit together as one single larger joint work.

The Court's Tentative Order analyzed the software at issue on a program-by-program basis, rejecting Defendants' assertion that "the entire software suite is the joint work here."[37] That Tentative Order found that Regal had established joint authorship in some programs "because there is no genuine dispute of material fact that Phong Nguyen authored [some of the] source

---

[33] Summary Judgment Motion at 4:3-9:26.
[34] Summary Judgment Opposition at 13:27-28.
[35] Summary Judgment Reply at 18:3-4.
[36] *Id.* at 18:8-9.
[37] Tentative Order at 6.

code."[38]  The Tentative Order did not analyze the parties' joint authorship intentions.

In its Oral Argument Request filed in response to the Tentative Order, Softketeers objected to the Tentative Order's conclusion that Regal is the joint author of the software at issue.  Softketeers argued that the Tentative Order failed to consider the intent requirement for joint authorship.[39]  In response, Defendants proposed a novel theory of intent.  Defendants contended that because Softketeers had submitted each work to the Copyright Office as a single work—including the portions that Phong had written—Softketeers must have clearly intended for them to be combined as joint works: "Softketeers intentionally included Phong's work in the software, objectively evidencing an intent to create a joint work."[40]

The September 2020 Summary Judgment Order analyzed Regal's co-authorship intent, but not Softketeers':

> Regal directed the overall development of the body of code at issue in this case, including Phong's 24-line procedure. [Citation.]  This constitutes control over the joint development of WMS and is an objective manifestation of that intent . . . .  Regal's overall control of the development of the code is an 'objective manifestation of shared intent' that is relevant in how Regal . . . has established co-ownership in these programs.[41]

### D. Conclusion

The September 2020 Summary Judgment Order's failure to analyze Softketeers' joint authorship intention is an error; Softketeers is correct.  There

---

[38]  *Id.* at 9.
[39]  Oral Argument Request at 5:3-7.
[40]  Oral Argument Opposition at 5:3-11.
[41]  September 2020 Summary Judgment Order at 10.

remains a genuine issue of material fact: whether Softketeers' copyright registrations for each of the programs evinces *joint authorship intent*.[42] The existence of this disputed material fact requires the Court to vacate the September 2020 Summary Judgment Order.[43] The issue of joint authorship intent will remain for resolution at trial.

### V. ORDER

For those reasons, the Court hereby **ORDERS** as follows:

1. Softketeers' instant Motion for Reconsideration is **GRANTED**.
2. The September 2020 Summary Judgment Order is **VACATED**.
3. The Court observes that this ruling may affect Defendants' pending motion for summary judgment,[44] which is currently set for hearing on February 19, 2021.[45] Accordingly, Defendants and Softketeers are each **DIRECTED** to file, no later than 12:00 noon on February 19, 2021, simultaneous supplemental briefs, of no more than 10 pages, summarizing how (if at all) this ruling affects their respective positions and arguments regarding the Pending Summary Judgment Motion.
4. The video hearing on the Pending Summary Judgment Motion is **CONTINUED** to Friday, March 5, 2021, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: February 10, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[42] As cited above, Defendants argue that copyright registration evinces joint authorship intent as a matter of law, but they cite no caselaw on this point. Thus, Defendants have not proved that as a matter of law, Softketeers demonstrated joint authorship intent.

[43] The Court therefore need not reach Softketeers' Motion to Clarify. *See* Motion at 9:3-23.

[44] Defs.' Mot. for Partial Summ. J. (the "Pending Summary Judgment Motion") [ECF No. 661].

[45] *See* Order [ECF No. 688].

-12-