FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
PAUL M. SCHOENHARD (*Pro Hac Vice*)
paul.schoenhard@friedfrank.com
NICOLE M. JANTZI (*Pro Hac Vice*)
nicole.jantzi@friedfrank.com
801 17th Street NW
Washington, DC 20006
Tel: 202-639-7254

HAWKINSON YANG LLP
MATTHEW J. HAWKINSON (SBN 248216)
mhawkinson@hycounsel.com
5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: 213-634-0369

Attorneys for Defendants Regal West Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Trung Ngoc Doan, and Dong Bao Pham

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTKETEERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REGAL WEST CORPORATION d/b/a REGAL LOGISTICS et al., <br><br> Defendants. <br><br><br> REGAL WEST CORPORATION d/b/a REGAL LOGISTICS, et al., <br><br> Counterclaimants, <br><br> v. <br><br> SOFTKETEERS, INC., et al., <br><br> Counterdefendants. | CASE NO. 8:19-cv-00519-JWH (JDEx) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGEMENT** |

## DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 3, 2023 at 9:00 am, before the Honorable John W. Holcomb in Courtroom 9D of the Federal District Court for the Central District of California, located at 411 W. 4th Street, Santa Ana, California 92701-4516, Defendants Regal West Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Trung Ngoc Doan, and Dong Bao Pham (collectively, "Defendants"), by and through their counsel of record, will and hereby do move for entry of judgment on the jury verdict dated September 23, 2021. (Dkt. No. 823.)

This Motion is made following the conference between counsel for Plaintiff and Defendants pursuant to Local Rule 7-3, which took place on January 20, 2023. Defendants understand that Plaintiff opposes.

This Motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; and such further argument, evidence and authorities as may be presented at the hearing on this Motion.

Respectfully submitted,

Dated: February 1, 2023

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By: */s/ Paul M. Schoenhard*

PAUL M. SCHOENHARD (pro hac vice)
paul.schoenhard@friedfrank.com
NICOLE M. JANTZI (pro hac vice)
nicole.jantzi@friedfrank.com
801 17th Street NW
Washington, DC 20006
Tel: 202-639-7254

HAWKINSON YANG LLP
MATTHEW J. HAWKINSON
mhawkinson@hycounsel.com
5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: 213-634-0369

Attorneys for Defendants Regal West Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Trung Ngoc Doan, and Dong Bao Pham

# MEMORANDUM OF POINTS AND AUTHORITIES

Subject to and without waiving their rights to challenge the jury's verdict and any judgment related thereto pursuant to Rules 50(b) and/or 59, Fed. R. Civ. P., and/or on appeal, Defendants Regal West Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Trung Ngoc Doan, and Dong Bao Pham (collectively, "Defendants") hereby move for entry of judgment on the jury verdict (Dkt. No. 823) entered on September 24, 2021.

## I.     INTRODUCTION

As the Court has observed (Dkt. No. 939 ("Dec. 22, 2022 Order") at 1), this complex action has been pending for several years. Defendants wish to continue to proceed onwards, to pursue their challenges to the jury's verdict, and ultimately to obtain certainty and finality, but there is currently a roadblock: the jury verdict entered on September 24, 2021, has not been reduced to judgment. As the Court contemplated in its Dec. 22, 2022 Order (*id.* at 12, 15), Defendants are prepared and ready to file a renewed motion for judgment as a matter of law under Rule 50(b) or, in the alternative, for a new trial under Rule 59, but cannot do so until this Court directs the Clerk to enter judgment as to the claims that have *already been determined* (rightly or wrongly) by the jury. *See* Fed. R. Civ. P. 50(b) ("No later than 28 days **after the entry of judgment**—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the

movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.") (emphasis added). Accordingly, judgment on the verdict should be entered, so that this case may proceed in an orderly manner.

Simultaneously, Defendants respectfully request that the Court establish a briefing schedule and expanded page limits to ensure that the complex issues of, *e.g.*, ownership and implied license are adequately briefed for the benefit of both the Court and the appellate record.

## II. ARGUMENT

### A. The Court Should Direct the Clerk to Enter Judgment on the Jury Verdict

The jury verdict was entered on September 24, 2021. Over a year later, judgment still has not been entered. Instead, the case is at a procedural standstill. Accordingly, Defendants respectfully request that judgment be entered, subject to and without waiving their rights to challenge the verdict and related judgment—and indeed, to permit them to exercise those rights without further delay.

To the extent Plaintiff opposes this motion in view of its pending motions (Dkt. Nos. 835, 836, 850, 911), Plaintiff's opposition is misplaced. Indeed, and as previously briefed (*e.g.,* Dkt. No. 869 at 1; Dkt No. 870 at 2), until judgment is entered on the verdict (and perhaps even until Defendants' Rule 50(b)/59 motion is resolved), Plaintiff's pending motions remain premature. And even if the Court were

to consider the motions in parallel—it should not do so—it would remain true that directing entry of judgment on the verdict would "serve the efficient administration of justice," *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993), by allowing this case to proceed to the next stage.[1]

                1.      *Plaintiff's Motion for Prejudgment Interest*

Motions for prejudgment interest prior to entry of final judgment are procedurally premature as the date of judgment is key in determining the amount of interest (if any) owed. *See, e.g.*, *Solaria Corp. v. GCL Sys. Integration Tech. Co.*, No. 20-CV-07778-BLF, 2022 WL 267444, at *14 (N.D. Cal. Jan. 28, 2022) ("Solaria's request for prejudgment interest is premature because such a request must be made by motion after a party prevails in a case."). Accordingly, entry of judgment on the verdict should not be delayed in view of Softketeers' pending motion for prejudgment interest. To the contrary, if and when Softketeers' motion ripens, Defendants anticipate requesting limited supplemental briefing and/or argument to address the potential prejudicial impact of the passage of time.

---

[1]    To be clear, Defendants do not propose entry of *final* judgment, which could operate to trigger the parties' deadlines for appeal and could subject this case to piecemeal appeals. Defendants expressly request entry of judgment solely on the verdict, so that motions under Rules 50(b) and 59 will ripen, and the case can advance towards a final judgment once those motions (and any other pending motions) are resolved.

      2.    *Plaintiff's Motion for Exemplary Damages, Attorney's Fees, and Expert Fees*

Plaintiff's pending Motion for Exemplary Damages, Attorney's Fees, and Expert Fees likewise does not restrict the Court from entering judgment. As with prejudgment interest, it is premature to consider an award attorney's fees and other costs until there is entry of *final* judgment. *See Solaria Corp*, 2022 WL 267444, at *13 (citing *Hulihan v. Reg. Transp. Comm'n of So. Nevada*, No. 2:09-cv-01096-ECR-RJJ, 2012 WL 2060955, at *2 (D. Nev. June 7, 2012) ("[T]his Court denied without prejudice Defendants' Motion for Attorney's Fees and Costs as premature because there has yet to be an entry of final judgment[.]"); *Mull v. Motion Picture Ind. Health Plan*, 937 F.Supp.2d 1161, 1181 (C.D. Cal. Dec. 20, 2012).

      3.    *Plaintiff's Motion for Entry of Default Judgment*

Disposing of the motion for entry of default judgment also is not a precondition for entering judgment as to the non-defaulting parties. The Court could, if it so choses, consider Plaintiff's Motion for Entry of Default Judgment simultaneously. *See, e.g.*, *Sec. & Exch. Comm'n v. Spyglass Equity Sys., Inc.,* No. LACV1102371JAKMANX, 2012 WL 13008341 (C.D. Cal. Apr. 2, 2012); *Moran v. Qwest Commc'ns Corp.*, No. 05-2445-PHX-ROS, 2005 WL 8160597 (D. Ariz. Oct. 25, 2005). More appropriately, however, the Court would wait until resolution of the represented defendants' Rule 50(b)/59 motion to determine whether the requested relief is warranted as against the unrepresented defendants.

4

MEM. OF POINTS AND AUTHORITIES
RE MOT. FOR ENTRY OF JUDGMENT

4. *Plaintiff's Motion for Destruction Order or Reasonable Royalty*

Finally, the Court does not need to rule on Plaintiff's Motion for Destruction Order or Reasonable Royalty prior to entering judgment. Like Plaintiff's three other pending motions, entry of judgment does not affect the Court's ability to rule on the motion; nor does it have any overlap with the issues tried before the jury.

**B.    The Court Should Establish an Appropriate Briefing Schedule and Expanded Page Limits**

As Defendants prepare to file a motion in accordance with Rule 50(b) or, in the alternative, Rule 59, after the entry of judgment on the verdict, Defendants also request that the Court expand the page limits for the parties' briefing. Specifically, Defendants request that the page limit for their opening brief be expanded from twenty-five (25) pages to fifty (50) pages, with corresponding expansions of page limits for opposition and reply briefs (50 and 25 pages, respectively). Good cause exists for this request, as the issues that will be raised in Defendants' planned motion will be complex and additional pages are necessary to properly brief the issues for the benefit of the Court and the appellate record.

Additionally, Defendants request that the Court modify the deadlines established in Rules 50(b) and 59 (each 28 days by default) and enter a briefing schedule that provides Defendants no less than forty-five (45) days from entry of judgment in which to file their opening brief, Plaintiff no less than twenty-eight (28)

days in which to file an opposition, and Defendants no less than an additional twenty-one (21) days in which to file their reply.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion should be granted. The Court should direct the Clerk to enter judgment as to the jury verdict. The Court should further grant Defendants' request for page limit expansion and establish an extended briefing schedule for Defendants' Memorandum of Law in Support of Their Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial.

Dated: February 1, 2023

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: */s/ Paul M. Schoenhard*

PAUL M. SCHOENHARD (pro hac vice)
paul.schoenhard@friedfrank.com
NICOLE M. JANTZI (pro hac vice)
nicole.jantzi@friedfrank.com
801 17th Street NW
Washington, DC 20006
Tel: 202-639-7254

HAWKINSON YANG LLP
MATTHEW J. HAWKINSON
mhawkinson@hycounsel.com
5670 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: 213-634-0369

Attorneys for Defendants Regal West

Corporation d/b/a Regal Logistics, Vu Ho Inc., Thai Tran Inc., Rand Neeves, Vu Ho, Thai Quoc Tran, Trung Ngoc Doan, and Dong Bao Pham

7