# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTKETEERS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>REGAL WEST CORPORATION dba REGAL LOGISTICS,<br>VU HO INC.,<br>THAI TRAN INC.,<br>DON MAI INC.,<br>RANDY NEEVES,<br>VU HO,<br>THAI QUOC TRAN,<br>DON MAI,<br>TRUN NGOC DOAN, and<br>DONG BAO PHAM,<br><br>    Defendants.<br><br>REGAL WEST CORPORATION d/b/a REGAL LOGISTICS, a Washington corporation;<br>VU HO INC., a California corporation;<br>THAI TRAN INC., a California corporation;<br>DON MAI INC., a California corporation;<br>RANDY NEEVES, an individual;<br>VU HO, an individual;<br>THAI QUOC TRAN, an individual;<br>DON MAI, an individual;<br>TRUNG NGOC DOAN, an individual; and<br>DONG BAO PHAM, an individual, | Case No. 8:19-CV-00519-JWH (JDEx)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS DON MAI AND DON MAI, INC. [ECF No. 911]** |

| | |
|---|---|
| 1 | Counterclaimants, |
| 2 | v. |
| 3 | SOFTKETEERS, INC., a California corporation, and |
| 4 | MINH KHAI NGUYEN, an individual, |
| 5 | Counterdefendants. |

Plaintiff Softketeers, Inc. moves for the entry of default judgment against Defendants Don Mai and his closely held company, Don Mai, Inc. ("DMI") (jointly, the "Mai Defendants").[1] Softketeers asserts three claims for relief against the Mai Defendants in its operative complaint: copyright infringement, trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), and trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA").[2] The Court conducted a hearing on the Motion in February 2022. After considering the arguments made in the briefs and at the hearing, the Court orders that the Motion for Default Judgment is **GRANTED in part** and **DENIED in part**, as described herein.

## I.  BACKGROUND

This lawsuit arises out of a dispute over the use and ownership of software designed for warehousing and logistics applications.[3] From 2000 to 2019, Softketeers created and maintained several computer software programs used by Defendant Regal West Corporation, a third-party logistics company. Softketeers alleges that it hired Mai as an independent contractor in 2003 and that it subsequently executed a consulting agreement in 2010 with DMI for Mai's services.[4] Regal terminated its relationship with Softketeers on February 1, 2019.[5]

---

[1]  Pl.'s Mot. for Entry of Default J. against Defs. Don Mai and Don Mai Inc. (the "Motion") [ECF No. 911].

[2]  First Am. Compl. (the "Amended Complaint") [ECF No. 101] ¶¶ 55-69. Softketeers's fourth and fifth claims for relief against the Mai Defendants were dismissed in June 2020. *See* Order Regarding Mots. for Summ. J. [ECF No. 530].

[3]  By now, the parties are deeply familiar with the background of the case and the voluminous procedural history. Accordingly, the Court provides only this abbreviated summary.

[4]  Amended Complaint ¶ 26.

[5]  Final Pretrial Conference Order [ECF No. 792-1] 4:6-8.

In March 2019, Softketeers initiated this action, asserting claims for relief for, *inter alia*, copyright infringement and trade secret misappropriation under both DTSA and CUTSA.[6]

At first, all Defendants were jointly represented by the same counsel. But in February 2020, counsel for Defendants applied to withdraw from their representation of Mai and DMI, citing the risk of an actual or potential conflict with their ethical responsibilities to the other Defendants.[7] Although the Court denied that initial application, the next month Defendants' counsel applied again and succeeded in withdrawing from their representation of Mai and DMI.[8]

Don Mai and DMI never secured new counsel. In June 2020, the Court struck defendant DMI's answer and entered default against it.[9] Mai, too, remained unrepresented and unresponsive to the litigation. The Clerk entered default against Mai as an individual defendant a year later, in June 2021.[10]

The remaining parties proceeded to trial in September 2021, without any appearance from Mai or DMI. On September 23, 2021, the jury rendered a verdict that was almost entirely in favor of Softketeers and Counterdefendant Minh Nguyen.[11] Specifically, the jury assessed liability and damages for Softketeers's copyright infringement and trade secret misappropriation claims separately, but ultimately awarded a single lump sum of $1,935,000 in actual damages as compensation for those claims. The jury also awarded Softketeers

---

[6] *See generally* Compl. [ECF No. 1].
[7] Decl. of Christopher M. Bruno in Supp. of *Ex Parte* Appl. to Withdraw from Representation of Don Mai and Don Mai Inc. [ECF No. 320-1] ¶ 15.
[8] Second *Ex Parte* Appl. to Withdraw from Representation of Don Mai and Don Mai Inc. [ECF No. 383]; Order Granting Second *Ex Parte* Appl. to Withdraw from representation of Don Mai and Don Mai Inc. [ECF No. 387].
[9] Default by Clerk [ECF No. 598].
[10] Default by Clerk [ECF No. 735]. At the time, default was erroneously entered against DMI, which the Court corrected in January 2022. *See* Notice of Clerical Error [ECF No. 905].
[11] *See generally* Verdict Form (the "Verdict") [ECF No. 823].

$3,320,000 in unjust enrichment damages from Regal and $100,000 in unjust enrichment from Neeves.[12]

In January 2022, Softketeers moved for default judgment against Mai and DMI for Softketeers's copyright infringement and unjust enrichment claims. Specifically, Softketeers seeks the following:

- an award of default judgment against Mai and DMI rendering them jointly and severally liable with co-Defendants Regal, Rand Neeves, Vu Ho, Thai Tran, Vu Ho Inc., and Thai Tran Inc. for Softketeers's actual damages for its copyright infringement and trade secret misappropriation claims as found by the jury, in the amount of $1,935,000;
- an award of default judgment against Mai and DMI for unjust enrichment and profit from their acts constituting copyright infringement and trade secret misappropriation in the amount of $345,009 through the date of trial or $398,917 through the date of the hearing on this Motion; and
- default judgment that Mai and DMI's trade secret misappropriation was willful and malicious.[13]

In February 2022, the Court conducted a hearing on this Motion. For the first time in years, Mai appeared in court, although only in a *pro se* capacity on his own behalf; no one appeared as counsel for DMI. After the hearing, the Court took this Motion under submission.

---

[12] *Id.* at 10 & 13.

[13] Motion i:17-ii:7. Additionally, Softketeers seeks relief related to its post-trial motions against Mai and DMI, such as exemplary damages, attorneys' fees, expert fees, a finding of contempt, and a destruction order. *See id.* at ii:8-25; *see also* Pl.'s Mot. for Prejudgment Interest Pursuant to Cal. Civ. Code §§ 3287(a) & 3288 [ECF No. 835]; Pl.'s Mot. for (1) a Destruction Order or, Alternatively, (2) A Reasonable Royalty in Lieu of Injunctive Relief [ECF No. 836]; Defs.' Brief in Supp. of Oral Rule 50(a) Mots. for J. as a Matter of Law ("Defendants' Rule 50(a) Motion") [ECF No. 838]; Pl.'s Mot. for Contempt Sanctions [ECF No. 848]; Pl.'s Mot. for (1) Exemplary Damages, (2) Att'y Fees, and (3) Expert Fees [ECF No. 850]. The Court expressly reserves judgment and consideration on that relief until it rules on Softketeers's post-trial motions.

Neither Mai nor DMI has moved to withdraw the entry of default. No attorney, furthermore, has made an appearance on behalf of either Mai or DMI.

## II. LEGAL STANDARD

When a plaintiff moves for default judgment, the Local Rules require that the moving party satisfy five procedural requirements. *See* L.R. 55–1. Namely, Softketeers must establish: (1) when and against which party default was entered; (2) the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the defendant is not in military service such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of this motion has been served on the defaulting party. Fed. R. Civ. P. 55(b)(2).

Next, the Ninth Circuit instructs this Court to consider seven substantive factors when deciding whether to enter default judgment. Those factors—commonly known as the *Eitel* factors—are as follows: (1) the possibility of prejudice to the movant; (2) the merits of the movant's substantive claims; (3) the sufficiency of the pleading; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the defaulting party's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Ultimately, the decision to grant or deny a motion for default judgment is "a matter within the court's discretion." *Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004).

## III. DISCUSSION

### A. Procedural Factors

Softketeers has met each of the procedural requirements set forth in the Local Rules. Mai and DMI have been in default for months, long before

-6-

Softketeers moved for default judgment. Neither Mai nor DMI, moreover, is an infant, incompetent person, or member of the military.[14] Furthermore, Mai himself confirmed that he received a copy of the Motion during the hearing at which he appeared. He also confirmed his mailing address, which is the same mailing address for DMI, so the Court has confidence that both Mai and DMI have received proper notice of the Motion and Softketeers's operative pleading.

**B.   *Eitel* Factors**

On balance, the *Eitel* factors are close to evenly split. They tilt just barely in favor of granting default judgment to Softketeers with respect to its first request for relief (*i.e.*, holding Mai and DMI jointly and severally liable for the jury verdict on copyright infringement), but they weigh against granting the Motion for the remaining relief that Softketeers seeks.

The first factor weighs in favor of granting the Motion since, without judgment, Softketeers would have no recourse against the Mai Defendants to stop any infringement or misappropriation of Softketeers's software.[15] Thus, failing to grant the Motion would risk severe prejudice to Softketeers if Mai and DMI could avoid the consequences of their copyright infringement and trade secret misappropriation simply by failing to appear. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding that the plaintiff would suffer prejudice absent the entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

The second factor asks this Court to evaluate the merits of Softketeers's substantive claims. The trial afforded the Court with the opportunity to hear testimony from multiple witnesses and experts, to review myriad documents and other trial exhibits, to consider the arguments of both sides' counsel, and

---

[14]   Motion 4:24-5:14.
[15]   *Id*. at 6:16-25.

-7-

ultimately to receive the jury's verdict—all of which speak to the merits of Softketeers's claims. While none of the claims against Mai and DMI was tried directly, those claims share a common nucleus of fact and applicable law. Thus, the second factor weighs in favor of granting the Motion.

That finding, though, is counterbalanced by the third *Eitel* factor, which tests the sufficiency of the complaint. This factor requires a plaintiff to state a claim on which it may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002). Here, the Court finds that Softketeers's Amended Complaint provides scant detail unique to Mai and DMI.[16] In fact, it asserts relatively threadbare, conclusory allegations against Mai and his company.[17] The Court is skeptical that the Amended Complaint would survive a motion to dismiss, as it does little more than allege "labels and conclusions" with respect to Mai and DMI. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Softketeers's claim must be pleaded with "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that rises "above the speculative level," *Twombly*, 550 U.S. at 555. But Softketeers's Amended Complaint does not do that. At least as it relates to Mai and DMI, it is rather barren.

Similarly, the fourth *Eitel* factor weighs against granting default judgment, because the monetary sum at stake is significant. Softketeers seeks a monetary award of at least $345,009 in unjust enrichment damages against DMI ***in addition*** to an order holding both Mai and DMI jointly and severally liable for

---

[16] *See, e.g.*, Amended Complaint ¶ 56 ("On information and belief, Ho, VHI, Tran, TTI, Mai, DMI, Doan, ***and/or*** Pham by providing source code to Regal, reproduced and distributed the Software.") (emphasis added).

[17] *Compare id.* at ¶¶ 4, 26, 27, & 30 (supplying background information where Mai or DMI is mentioned by name) *with id.* at ¶¶ 36, 37, 56, 57, & 63 (constituting the only instances of allegations where Mai or DMI is named directly).

the jury's verdict of $1,935,000 in actual damages.[18]  While $345,009 may be only about a tenth of the jury's unjust enrichment award of $3,320,000 against Regal, it is still a considerable monetary figure, especially for DMI's one-person operation.  By comparison, Regal has around 150 to 160 employees.[19]  In other words, Regal is at least 150 times bigger than DMI.  Comparing apples to apples, an award of $345,009 is about 15 to 16 times bigger than the unjust enrichment award that one would have expected—at least, when using the number of employees as a rough proxy.  Therefore, this factor weighs against default judgment.

      The fifth factor asks the Court to consider the possibility of whether a dispute of material fact exists.  This factor weighs against default judgment (at least in full) because the jury's verdict introduces potentially genuine disputes of material fact on Softketeers's claim for unjust enrichment and a finding of willful or malicious appropriation.

      Among Defendants, Mai and his closely held company were similar to Defendants Thai Tran, Vu Ho, and their respective business entities:  they were solo programmers who each, at one point, worked as a contractor for Softketeers.  While the jury found that *all* Defendants were liable for copyright infringement (save for Trung Doan and, by virtue of their failure to appear, Mai and DMI), the jury also found that only Regal and its CEO, Rand Neeves, had unjustly enriched themselves.[20]  In contrast, not one of the individual software programmers had unjustly enriched himself, according to the jury.[21]

---

[18]    Softketeers seeks even *more* money in unjust enrichment, asking for $398,917 to cover any unjust enrichment that occurred from the date of trial until the date of the hearing on this Motion.  *See* Motion 11:1-2.

[19]    Reporter's Tr. of Trial Proceedings Trial Day 5 [ECF No. 859] 1208:15-23.

[20]    *See* Verdict 8-12.

[21]    *Id*. at 13.

Extrapolating from that finding of fact, it would be jarring for the Court to conclude that, of all of the similarly situated Defendants, only Mai and his company were liable for unjust enrichment. Thus, the Court cannot in good faith conclude that there is no possibility of material disputes of fact, as far as Softketeers's claim for unjust enrichment goes.

Similarly, even though Softketeers's allegations of willful and malicious misappropriation against the Mai Defendants remain uncontested, the jury did not find that *any* Defendant had willfully or maliciously misappropriated any trade secrets.[22] It would be even more suspect, then, to single out only Mai or DMI (and no other Defendant) for willful and malicious misappropriation merely because Mai or his company failed to appear.

But, in keeping with the jury's verdict, the Court finds that it would be unlikely for a dispute of material fact to exist with respect to Softketeers's copyright infringement claim against Mai or DMI, insofar as the jury *did* hold the similarly situated Defendants liable on that claim. Therefore, the fifth *Eitel* factor weighs against awarding default judgment against Mai and DMI on Softketeers's unjust enrichment claim, but conversely weighs in favor of awarding default judgment against them on Softketeers's copyright infringement claim.

The sixth factor concerning excusable neglect is neutral. On one hand, when Defendants' counsel ceased representing Mai and DMI, they declared that they informed Mai of the risks of failing to appear. And it appears that Mai understood those risks, since he contends that he tried to secure additional counsel thereafter but failed to do so. Moreover, it is not the case that Mai or his company were in default by a few days or a few weeks. Rather, Mai has been in default for months, and his company has been in continued default for years.

---

[22] *Id.* at 9.

On the other hand, Mai claims to be indigent. When Mai appeared at the hearing in February 2022, he explained with sincerity his inability to pay for a lawyer. Mai also expressed that he has difficulties with the English language, as he is a non-native speaker. Taken at face value, Mai's statements bear consideration. The Court recognizes the unfortunate reality that the American legal system, with its sometimes-Byzantine complexities, is often neither user-friendly nor particularly affordable, which may create real barriers to an indigent émigré from Vietnam. But those circumstances do not excuse Mai or DMI in full. As the Court reminded Mai in the hearing, there are consequences for failing to appear in a lawsuit. But Mai's circumstances do enough to render the sixth *Eitel* factor a wash.

Lastly, the seventh *Eitel* factor favors a decision on the merits, which, accordingly, would disfavor granting the Motion when the merits of Mai or DMI's defenses (if any) have not been heard. *See Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

## C.     Requested Relief

The Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must also "prove up" the amount in damages that she seeks. *See Aifang v. Velocity VIII, L.P.*, 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016).

Through its Motion, Softketeers seeks three forms of relief.[23] First, Softketeers seeks actual damages from Mai and DMI, as well as unjust enrichment and profit stemming from their alleged acts of copyright infringement and trade secret misappropriation.[24] Of Defendants present at

---

[23]     Motion i:17-ii:7.
[24]     *Id*. at 14:8-15.

trial, the jury found that all—except for Trung Doan—were jointly and severally liable for actual damages in the amount of $1,935,000.[25] In view of Mai and DMI's default, the Court finds it appropriate to enter judgment against them as jointly and severally liable for those actual damages because the *Eitel* factors discussed above, *see supra* Part III.B, weigh in favor of granting the Motion for this specific relief.

      Second, Softketeers seeks an award of default judgment against Mai and DMI for unjust enrichment and profits, allegedly stemming from their acts constituting copyright infringement and trade secret misappropriation in the amount of $345,009 through the date of trial or $398,917 through the date of the hearing.[26] Here, the Court must deny Softketeers's request,[27] as the *Eitel* factors do not support granting the Motion as it relates to unjust enrichment.

      Moreover, the Court has concerns over the damages figures themselves. Softketeers relies on its expert, Scott Cragun, who calculated the unjust enrichment figures of $345,009 and $398,917.[28] Cragun first totaled monthly invoices between Regal and DMI for work that Mai and DMI performed from February 2019 through December 2019, then he took the average per month, and then he used that figure to forecast predicted damages from January 2020 through February 2022 (*i.e.*, the month of the hearing on the Motion).[29]

      Curiously, though, Softketeers did not include in the record any copies of invoices or receipts that would allow the Court to verify the value of the work that Mai and DMI completed during the period of February 2019 through

---

[25] Verdict 3-4.
[26] Motion ii:1-5.
[27] *Id*. at 14:16-15:2.
[28] *Id*. at 15:9-12.
[29] Decl. of Scott W. Cragun in Supp. of the Motion for Default Judgment ("Cragun Declaration") [ECF No. 911-2] ¶¶ 5-7.

December 2019.[30] Cragun himself declares that he consulted only "a worksheet that was produced by Regal in this action which summarized Regal's 2019 payments for software development, including payments to the Mai defendants."[31] That worksheet is not attached, either.[32]

Furthermore, the Court inquired whether there was any evidence that Mai or DMI had continued to work for Regal past December 2019, so as to support Cragun's forecast. Counsel for Softketeers indicated that there may be some emails implying that Mai or DMI continued to work for Regal, but those documents, too, were conspicuously absent. Thus, even if the *Eitel* factors did weigh in favor of granting the Motion with respect to its claim for unjust enrichment, Softketeers has failed to "prove up" the damages. *Aifang*, 2016 WL 5420641, at *7.

Third and finally, Softketeers asks for a finding that Mai and DMI willfully and malicious misappropriated Softketeers's trade secrets in violation of DTSA and CUTSA. As explained above, *see supra* Part III.B., the balance of the *Eitel* factors weigh against granting the Motion with respect to that requested relief. Furthermore, Softketeers did not explicitly request that exact relief in the Amended Complaint,[33] so the Court is disinclined to make that finding when it was not clearly or expressly "demanded in the pleadings." Fed. R. Civ. P. 54(c).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **ORDERS** as follows:

1. The Motion is **GRANTED in part** and **DENIED in part**:

---

[30] See generally Motion.

[31] Cragun Declaration ¶ 5.

[32] A worksheet is not the same thing as a verified invoice. Without proper authentication, it is mere paper. Fed. R. Evid. 901.

[33] *See generally* Amended Complaint (omitting any explicit request for a finding or declaration).

   a. the Motion is **GRANTED** in that default judgment will be entered against Mai and DMI—Mai and DMI are jointly and severally liable with co-defendants Regal, Rand Neeves, Vu Ho, Thai Tran, Vu Ho Inc., and Thai Tran Inc. for Softketeers's actual damages for its copyright infringement and trade secret misappropriation claims as found by the jury, in the amount of $1,935,000;

   b. the Motion is **DENIED** as it relates to an award of unjust enrichment and profits; and

   c. the Motion is **DENIED** is relates to a finding of willful or malicious misappropriation.

  2. The Court **RESERVES** Judgment on the Motion as it relates to Mai or DMI and any relief tied to Softketeers's remaining post-trial motions.

  3. Softketeers is **DIRECTED** forthwith to serve this Order—by telephone, email, U.S. Mail, and any other means like to achieve success—on Mai and DMI.  Softketeers is also **DIRECTED** to file a Proof of Service within 72 hours of such service.

  **IT IS SO ORDERED.**

Dated: February 6, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-14-