JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTKETEERS, INC., | Case No. 8:19-CV-00519-JWH (JDEx) |
| Plaintiff, | **JUDGMENT** |
| v. | |
| REGAL WEST CORPORATION dba REGAL LOGISTICS, VU HO INC., THAI TRAN INC., DON MAI INC., RANDY NEEVES, VU HO, THAI QUOC TRAN, DON MAI, TRUNG NGOC DOAN, and DONG BAO PHAM, | |
| Defendants. | |

REGAL WEST CORPORATION
    d/b/a REGAL LOGISTICS, a
    Washington corporation;
VU HO INC., a California corporation;
THAI TRAN INC., a California
    corporation;
DON MAI INC., a California
    corporation;
RANDY NEEVES, an individual;
VU HO, an individual;
THAI QUOC TRAN, an individual;
DON MAI, an individual;
TRUNG NGOC DOAN, an individual;
    and
DONG BAO PHAM, an individual,

1                          Counterclaimants,

2              v.

3    SOFTKETEERS, INC., a California

4       corporation, and
     MINH KHAI NGUYEN, an individual,

5
                          Counterdefendants.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   In accordance with Rule 58 of the Federal Rules of Civil Procedure, it is

2   hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

3   1.   This Court possesses subject matter jurisdiction over the above-

4   captioned action pursuant to 28 U.S.C. § 1331, 1338(a), 1367(a), & 1836(c).

5   2.   The parties in this case are:

6   a.   Plaintiff and Counterdefendant Softketeers, Inc.

7   ("Softketeers");

8   b.   Defendant and Counterclaimant Regal West Corporation,

9   d/b/a Regal Logistics ("Regal");

10   c.   Defendant and Counterclaimant Vu Ho Inc. ("VHI");

11   d.   Defendant and Counterclaimant Thai Tran Inc. ("TTI");

12   e.   Defendant and Counterclaimant Don Mai Inc. ("DMI");

13   f.   Defendant Randy Neeves;

14   g.   Defendant Vu Ho;

15   h.   Defendant and Counterclaimant Thai Quoc Tran;

16   i.   Defendant and Counterclaimant Don Mai;

17   j.   Defendant and Counterclaimant Trung Ngoc Doan;

18   k.   Defendant Dong Bao Pham; and

19   l.   Counterdefendant Minh Khai Nguyen.

20   All other parties named in the pleadings and not identified in this Paragraph 2

21   are hereby **DISMISSED**.

22   3.   The operative pleadings in this case are:

23   a.   the First Amended Complaint [ECF No. 101] of Plaintiff

24   Softketeers, which asserts the following claims:

25   i.   Claim 1 for copyright infringement against

26   Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho,

27   Thai Quoc Tran, Don Mai, Trung Ngoc Doan, and Dong

28   Bao Pham;

ii.      Claim 2 for federal trade secret misappropriation against Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, Trung Ngoc Doan, and Dong Bao Pham;

iii.     Claim 3 for California trade secret misappropriation against Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, Trung Ngoc Doan, and Dong Bao Pham;

iv.     Claim 4 for breach of contract against Defendants Regal, VHI, TTI, DMI, Trung Ngoc Doan, and Dong Bao Pham;

v.      Claim 5 for tortious interference against Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, Trung Ngoc Doan, and Dong Bao Pham; and

vi.     Claim 6 for *quantum meruit* against Defendant Regal.

b.      the Second Amended Answer and Counterclaims [ECF No. 306] of Counterclaimants Regal, VHI, TTI, DMI, Thai Quoc Tran, Don Mai, and Trung Ngoc Doan, which asserts the following claims:

i.      Claim 1 for breach of contract by Counterclaimant Regal against Counterdefendants Softketeers and Minh Khai Nguyen;

ii.     Claim 2 for breach of implied covenant of good faith and fair dealing by Counterclaimant Regal against Counterdefendants Softketeers and Minh Khai Nguyen;

1     iii.    Claim 3 for breach of implied-in-fact contract by
2 Counterclaimant Regal against Counterdefendants
3 Softketeers and Minh Khai Nguyen;
4     iv.    Claim 4 for fraudulent inducement by
5 Counterclaimant Regal against Counterdefendants
6 Softketeers and Minh Khai Nguyen;
7     v.    Claim 5 for declaratory judgment that Regal
8 owns the software copyrights by Counterclaimant Regal
9 against Counterdefendant Softketeers;
10     vi.    Claim 6 for declaratory judgment that
11 Counterdefendants' copyright registrations are invalid based
12 on fraud on the U.S. Copyright Office by Counterclaimant
13 Regal against Counterdefendants Softketeers and Minh Khai
14 Nguyen;
15     vii.    Claim 7 for declaratory judgment that Regal has
16 at least an irrevocable, implied license to use, retain, and
17 modify the software by Counterclaimant Regal against
18 Counterdefendants Softketeers and Minh Khai Nguyen;
19     viii.    Claim 8 for breach of implied warranty of
20 merchantability by Counterclaimant Regal against
21 Counterdefendants Softketeers and Minh Khai Nguyen;
22     ix.    Claim 9 for fraud by Counterclaimant Regal
23 against Counterdefendants Softketeers and Minh Khai
24 Nguyen;
25     x.    Claim 10 for breach of contract or, in the
26 alternative, *quantum meruit* by Counterclaimants TTI and
27 Thai Tran against Counterdefendants Softketeers and Minh
28 Khai Nguyen;

      xi.     Claim 11 for breach of contract, or, in the alternative, *quantum meruit* by Counterclaimants DMI and Don Mai against Counterdefendants Softketeers and Minh Khai Nguyen;

      xii.     Claim 12 for breach of contract, or, in the alternative, *quantum meruit* by Counterclaimant Trung Ngoc Doan against Counterdefendants Softketeers and Minh Khai Nguyen;

      xiii.     Claim 13 for trespass under Washington Law by Counterclaimant Regal against Counterdefendants Softketeers and Minh Khai Nguyen;

      xiv.     Claim 14 for trespass under California Law by Counterclaimant Regal against Counterdefendants Softketeers and Minh Khai Nguyen; and

      xv.     Claim 15 for violation of the federal defend trade secrets act by Counterclaimant Regal against Counterdefendants Softketeers and Minh Khai Nguyen.

    c.    Counterdefendants' Answer to Second Amended Counterclaims [ECF No. 476].

4. The Court enters **JUDGMENT** on Plaintiff Softketeers's first claim for relief for copyright infringement and second and third claims for relief for federal trade secret misappropriation and California trade secret misappropriation as follows:

    a.    With regard to copyright registrations TXu 2-130-748 (MyWMS's unpublished back-end), TXu 2-130-747 (YMS), TXu 2-130-746 (RF Systems), TXu 2-130-648 (WMS VB 6.0), TXu 2-130-025 (WMS Services), TXu 2-130-024 (TMS), TXu 2-129-947

(WMS C#), and TXu 2-129-946 (WMS VB.NET) and Softketeers's trade secrets:

    i.    With respect to monetary relief against Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, and Dong Bao Pham (the "<u>Infringing Defendants</u>"):

    1)    **JUDGMENT** is entered in **FAVOR** of Plaintiff Softketeers and **AGAINST** Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, and Dong Bao Pham, jointly and severally, in the amount of **$1,935,000**, for Softketeers's actual damages on account of the Infringing Defendants' activities constituting copyright infringement and trade secret misappropriation;

    2)    Additionally, **JUDGMENT** is entered in **FAVOR** of Plaintiff Softketeers and **AGAINST** Defendant Regal, individually, in the amount of **$3,320,000**, for Regal's profits arising from its activities constituting copyright infringement and trade secret misappropriation;

    3)    Additionally, **JUDGMENT** is entered in **FAVOR** of Plaintiff Softketeers and **AGAINST** Defendant Randy Neeves, individually, in the amount of **$100,000**, for Randy Neeves's profits arising from his activities constituting copyright infringement and trade secret misappropriation;

    ii.    With respect to injunctive relief against the Infringing Defendants:  Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, and Dong Bao Pham are **ORDERED**, at or before 12:00 noon on April 7, 2023, either:

1                        1)      to file, under oath and penalty perjury, an

2     attestation:

3                        a)     identifying the fact that, and manner in

4     which, they have permanently deleted or otherwise

5     destroyed any copies of any Softketeers source code or

6     any portion thereof under their control that are stored

7     on media they are unable to surrender; and

8                        b)     providing a complete inventory, under

9     oath and penalty of perjury, of all copies of any

10    Softketeers source code known to them that are not

11    subject to impound or deletion;

12                           -or-

13                   2)      to file a joint stipulation with Softketeers that

14    the parties have reached an agreement obviating the need for

15    a destruction order.

16        iii.     With respect to Defendant Trung Ngoc Doan:

17    **JUDGMENT** is entered in **FAVOR** of Defendant Trung Ngoc

18    Doan and **AGAINST** Plaintiff Softketeers, for which Softketeers

19    shall take nothing by way of its first, second, or third claims.

20        b.     With regard to copyright registrations TX008730600

21    (MyWMS's public front-end) and TX008720835 (TMS Mobile iOS):

22    **JUDGMENT** is entered in **FAVOR** of Defendants Regal, VHI, TTI,

23    DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, Trung Ngoc

24    Doan, and Dong Bao Pham and **AGAINST** Plaintiff Softketeers, for

25    which Softketeers shall take nothing by way of its first claim as it pertains

26    to copyright registrations TX008730600 (MyWMS's public front-end)

27    and TX008720835 (TMS Mobile iOS).

28

5.     The Court enters **JUDGMENT** on Plaintiff Softketeers's fourth claim for breach of contract and sixth claim for *quantum meruit* as follows:

    a.     **JUDGMENT** is entered in **FAVOR** of Plaintiff Softketeers and **AGAINST** Defendant Regal, individually, in the amount of **$200,000**, for Softketeers's actual damages arising from Regal's breach of contract.

    b.     **JUDGMENT** is entered in **FAVOR** of Defendants VHI, TTI, DMI, Trung Ngoc Doan, and Dong Bao Pham and **AGAINST** Plaintiff Softketeers, for which Softketeers shall take nothing by way of its fourth and sixth claims.

6.     The Court enters **JUDGMENT** on Plaintiff Softketeers's fifth claim for tortious interference in **FAVOR** of Defendants Regal, VHI, TTI, DMI, Randy Neeves, Vu Ho, Thai Quoc Tran, Don Mai, Trung Ngoc Doan, and Dong Bao Pham and **AGAINST** Plaintiff Softketeers, for which Softketeers shall take nothing by way of its fifth claim.

7.     The Court enters **JUDGMENT** on Counterclaimant Regal's first counterclaim for breach of contract in **FAVOR** of Counterdefendants Softketeers and Minh Khai Nguyen and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its first counterclaim.

8.     The Court enters **JUDGMENT** on Counterclaimant Regal's second counterclaim for breach of the implied covenant of good faith and fair dealing in **FAVOR** of Counterdefendants Softketeers and Minh Khai Nguyen and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its second counterclaim.

9.     The Court enters **JUDGMENT** on Counterclaimant Regal's third counterclaim for breach of an implied-in-fact contract in **FAVOR** of Counterdefendants Softketeers and Minh Khai Nguyen and **AGAINST**

Counterclaimant Regal, which shall take nothing by way of its third counterclaim.

10. The Court enters **JUDGMENT** on Counterclaimant Regal's fourth counterclaim for fraudulent inducement in **FAVOR** of Counterdefendants Softketeers and Minh Khai Nguyen and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its fourth counterclaim.

11. The Court enters **JUDGMENT** on Counterclaimant Regal's fifth counterclaim for a declaratory judgment that it owns the software copyrights as follows:

a. With regard to copyright registrations TXu 2-130-748 (MyWMS's unpublished back-end), TXu 2-130-747 (YMS), TXu 2-130-746 (RF Systems), TXu 2-130-648 (WMS VB 6.0), TXu 2-130-025 (WMS Services), TXu 2-130-024 (TMS), TXu 2-129-947 (WMS C#), and TXu 2-129-946 (WMS VB.NET), **JUDGMENT** is entered in **FAVOR** of Counterdefendant Softketeers and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its fifth counterclaim as it pertains to copyright registrations TXu 2-130-748 (MyWMS's unpublished back-end), TXu 2-130-747 (YMS), TXu 2-130-746 (RF Systems), TXu 2-130-648 (WMS VB 6.0), TXu 2-130-025 (WMS Services), TXu 2-130-024 (TMS), TXu 2-129-947 (WMS C#), and TXu 2-129-946 (WMS VB.NET).

b. With regard to copyright registrations TX008730600 (MyWMS's public front-end) and TX008720835 (TMS Mobile iOS), Counterclaimant Regal's fifth counterclaim is **DISMISSED** for lack of subject matter jurisdiction.

12. The Court enters **JUDGMENT** on Counterclaimant Regal's sixth counterclaim for a declaratory judgment that Counterdefendants' copyright

registrations are invalid based on fraud on the U.S. Copyright Office as set forth herein:

a.     With regard to copyright registrations TXu 2-130-748 (MyWMS's unpublished back-end), TXu 2-130-747 (YMS), TXu 2-130-746 (RF Systems), TXu 2-130-648 (WMS VB 6.0), TXu 2-130-025 (WMS Services), TXu 2-130-024 (TMS), TXu 2-129-947 (WMS C#), and TXu 2-129-946 (WMS VB.NET), **JUDGMENT** is entered in **FAVOR** of Counterdefendants Softketeers and Minh Khai Nguyen and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its sixth counterclaim as it pertains to copyright registrations TXu 2-130-748 (MyWMS's unpublished back-end), TXu 2-130-747 (YMS), TXu 2-130-746 (RF Systems), TXu 2-130-648 (WMS VB 6.0), TXu 2-130-025 (WMS Services), TXu 2-130-024 (TMS), TXu 2-129-947 (WMS C#), and TXu 2-129-946 (WMS VB.NET).

b.     With regard to copyright registrations TX008730600 (MyWMS's public front-end) and TX008720835 (TMS Mobile iOS), Counterclaimant Regal's sixth counterclaim is **DISMISSED** for lack of subject matter jurisdiction.

13.     The Court enters **JUDGMENT** on Counterclaimant Regal's seventh counterclaim for declaratory judgment that it has an irrevocable implied license to use, retain, and modify the software in **FAVOR** of Counterdefendants Softketeers and Minh Khai Nguyen and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its seventh counterclaim.

14.     Counterclaimant Regal's eighth counterclaim for breach of the implied warranty of merchantability is **DISMISSED** as abandoned.

15.     The Court enters **JUDGMENT** on Counterclaimant Regal's ninth counterclaim for fraud in **FAVOR** of Counterdefendants Softketeers and Minh

Khai Nguyen and **AGAINST** Counterclaimant Regal, which shall take nothing by way of its ninth counterclaim.

16.     The Court enters **JUDGMENT** on Counterclaimants TTI and Thai Quoc Tran's tenth counterclaim for breach of contract or, in the alternative, *quantum meruit*, in **FAVOR** of Counterclaimants TTI and Thai Quoc Tran and **AGAINST** Counterdefendants Softketeers and Minh Khai Nguyen, jointly and severally, in the amount of **$26,115.09**, which includes damages of $18,525.00 plus prejudgment interest of $7,590.09 pursuant to Cal. Civ. Code § 3289(b), calculated separately for each unpaid invoice from the date payment was due through the date of judgment (*i.e.*, February 17, 2023) at the rate of 10% per annum, as set forth in the table below:

| Due Date | Invoice Amount | Days Passed | Years Passed | Interest Due | Total owed per invoice |
|---|---|---|---|---|---|
| 12/23/18 | $2,925.00 | 1517 | 4.156 | $1,215.68 | $4,140.68 |
| 12/30/18 | $2,080.00 | 1510 | 4.137 | $860.49 | $2,940.49 |
| 1/6/19 | $2,275.00 | 1503 | 4.118 | $936.80 | $3,211.80 |
| 1/13/19 | $2,860.00 | 1496 | 4.099 | $1,172.21 | $4,032.21 |
| 1/20/19 | $2,860.00 | 1489 | 4.079 | $1,166.72 | $4,026.72 |
| 1/27/19 | $2,860.00 | 1482 | 4.060 | $1,161.24 | $4,021.24 |
| 2/3/19 | $2,665.00 | 1475 | 4.041 | $1,076.95 | $3,741.95 |
| Subtotal: | $18,525.00 | | Subtotal: | $7,590.09 | Total: $26,115.09 |

17.     Counterclaimants DMI and Don Mai's eleventh counterclaim for breach of contract or, in the alternative, *quantum meruit*, is **DISMISSED without prejudice**.

18.     Counterclaimant Trung Ngoc Doan's twelfth counterclaim for breach of contract or, in the alternative, *quantum meruit*, is **DISMISSED without prejudice**.

19.     Counterclaimant Regal's thirteenth counterclaim for trespass under Washington law is **DISMISSED** as **ABANDONED**.

20.     Counterclaimant Regal's fourteenth counterclaim for trespass under California law is **DISMISSED** as **ABANDONED**.

21.  Counterclaimant Regal's fifteenth counterclaim for violation of the federal defend trade secrets act is **DISMISSED** as **ABANDONED**.

22.  Other than potential post-judgment remedies (including those provided in Rule 54(d) of the Federal Rules of Civil Procedure), to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 17, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-13-